UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN HEALY,

        Plaintiff,

   v.

MCI WORLDCOM NETWORK
SERVICE, INC., a Delaware,
corporation; ELECTRONIC
DATA SYSTEMS CORPORATION,
a foreign corporation; and
EDS/SHL CORPORATION, a Delaware
corporation,

        Defendants.
                                /

NO. CIV. S-02-1575 LKK/DAD

<u>O R D E R</u>

On August 2, 2005, the court issued an order resolving the parties' cross-motions for summary judgment and/or summary adjudication. Pending before the court is Electronic Data Systems Corporation's and EDS/SHL Corporation's ("defendants") motion for reconsideration. Below, I address defendants' arguments.

////

1

**I.**

**STANDARDS FOR MOTIONS TO RECONSIDER**

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)).  Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion."  Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice.  See Alexander, 106 F.3d at 876.

////
////
////
////

2

<pre>
</pre>

As with motions to alter or amend a judgment made pursuant to Fed. R. Civ. P. 59(a), motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect[] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009. Although defendants have failed to make the requisite showing, the court will briefly discuss the substance of the motion.

## II.

## DISCUSSION

**A. MATURITY DATE FOR INCENTIVE STOCK UNITS ("ISUs")**

Defendants maintain that under the terms of the ISU agreement, the maturity date for the units that are deferred is the end of the deferral period, and that the shares did not mature until February 2000 and February 2001. Defendants point to language contained in the ISU Agreement which specifies that the Maturity Date for the shares is three years after the grant date. Mot. for Recon. at 2. The court previously found that

the maturity date for the ISUs was upon John Healy's ("plaintiff") termination on December 31, 1998. As the court explained in its order, the separation agreement specified that "[t]he terms and conditions of the 1997 deferred incentive program for a termination without cause will apply." Notably, the "termination of employment not for cause" provision of the ISU agreement stated that "all Your non-vested Units will fully vest on the date of your termination of employment." Order at 22. Because the plain language of the separation agreement specified that the termination without cause provision would apply, plaintiff's ISUs vested on the date of his termination.

Defendants previously asserted that another provision of the ISU agreement applied to determine when plaintiff's ISUs vested,[1] and not the "termination of employment not for cause" provision. The court emphasized in its order that if defendants wanted another provision contained in the ISU agreement to apply to the deferred incentive program, "defendants had every opportunity to make that clear in the separation agreement." Because defendants failed to do so, they cannot repeatedly assert that plaintiff's ISUs did not "fully vest on the date of his termination of employment." Pl.'s Ex. E.

////

---

[1] As defendants should well be aware, motions for reconsideration are not vehicles to rehash arguments that the court has found to be unavailing. In their opposition brief, defendants claimed that the disability provision applied because "these are the terms that the parties understood would apply while plaintiff was on disability leave." Opp'n at 12.

4

**B. EDS' LIABILITY**

The court previously found that defendants were liable as a successor corporation for MCI's Systemhouse's actions. EDS conceded that "it is liable as a successor corporation to MCI Systemhouse (the subsidiary of MCI Worldcom) if MCI breached Plaintiff's Separation Agreement." Def.'s Opp'n at 10. Defendants argued previously that they are not liable for damages flowing from the stock options because they "lacked control over the stock options [plaintiff] was to receive from MCI WorldCom." Opp'n at 11. In their motion for reconsideration, defendants again argue that EDS is not responsible for the ISUs because "[c]ontrol over the delivery of the ISUs was entirely within the control of MCI WorldCom." Mot. for Reconsideration at 3. Defendants tender the new argument that "MCI WorldCom's failure to properly administer its ISU Agreement is a supervening cause that breaks the chain of causation." Id. at 4. Defendants' arguments are unavailing for several reasons. First, the court will not entertain new arguments not tendered when the parties filed their cross-motions for summary adjudication. Further, the court is hard put to understand defendants' causation argument. As the court explained previously, "[i]t is not self-evident . . . that lack of control equates to lack of liability." The question before the court relates to successor liability, not causation. For

////

////

the reasons stated above, the court will accept EDS's general admission of liability as a successor corporation to MCI Systemhouse.

IT IS SO ORDERED.

DATED: August 18, 2005.

                                      /s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT