UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN HEALY,

        Plaintiff,

   v.

MCI WORLDCOM NETWORK
SERVICE, INC., a Delaware,
corporation; ELECTRONIC
DATA SYSTEMS CORPORATION,
a foreign corporation; and
EDS/SHL CORPORATION, a Delaware
corporation,

        Defendants.
_____/

NO. CIV. S-02-1575 LKK/DAD

O R D E R

    The court is in receipt of the parties' objections to the tentative pretrial conference order.  A final pretrial order will issue.[1]  The court, however, additionally ORDERS as

---

[1] The court notes that it has been compelled to expend an unreasonable amount of time sorting through the parties' objections, many of which concern disputed and undisputed facts which were addressed in the court's August 2, 2005 order. Defendant insists on resubmitting a number of facts that the court has found to be undisputed in that order.  The court notes that at

1

follows:

1.  Plaintiff is directed to resubmit a proposed exhibit list, which will be electronically filed no later than October 21, 2005, at 4:00 p.m.  The parties are also directed to informally exchange copies of exhibits as contemplated by the tentative pretrial order.  Any objections made by defendant to this list of exhibits will be taken up during the first day of trial.[2]

2.  Plaintiff's request that the court augment its pretrial order to list Ross R. Nott as lead counsel on plaintiff's behalf is DENIED.[3]

3.  Plaintiff is ordered to resubmit the specific discovery documents which he intends to offer in his case-in-chief, rather

---

the time of the motion, the defendant did not reserve the right to contest facts conceded solely for purposes of the motion for summary adjudication; accordingly, the court's determination of undisputed facts in that order renders them presently undisputed.

[2] Indeed, as defendant notes, although the court has directed plaintiff to submit revised lists of exhibits, plaintiff has continued to defy such order by continuing to list as a single exhibit compilations of numerous documents, many unnumbered and totaling hundreds of pages.  Plaintiff is given one final opportunity to submit an exhibit list that consists of one document per exhibit.  If that exhibit contains numerous pages, plaintiff must specify which pages of that document will be presented during trial.  Plaintiff is reminded that exhibits submitted to the court as an attachment to the pretrial order must be done with the intent that it will be utilized during trial. Plaintiff is hereby  warned that any documents submitted superfluously or which results in unnecessary squandering of court resources will result in sanctions.

[3] The court has, on numerous occasions, noted to counsel that the attorney appearing during the Pretrial Conference will be lead counsel on the case.

1 than identifying the entirety of EDS's responses no later than
2 4:00 p.m. on October 21, 2005.[4]
3    IT IS SO ORDERED.
4    DATED: October 19, 2005.

              /s/Lawrence K. Karlton
              LAWRENCE K. KARLTON
              SENIOR JUDGE
              UNITED STATES DISTRICT COURT

---

[4] Plaintiff explains that he intends to present such evidence to show that EDS has "thwart[ed] the discovery process." The court again reminds plaintiff that the discovery documents submitted with the pretrial order are those which he intends to present in his case-in-chief.

3